1  DAVID S. WILSON, III, ESQ. State Bar No. 174947
   dswilson@fedex.com
2  STACEY O. JUE, ESQ., State Bar No. 231429
   stacey.jue@fedex.com
3  **FEDERAL EXPRESS CORPORATION**
   2601 Main Street, Suite 340
4  Irvine, California 92614
   Telephone:  (949) 862-4638
5  Facsimile:  (949) 862-4605

6

7  Attorneys for Defendant
   FEDERAL EXPRESS CORPORATION

8

9

10                  **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12

13  ANTHONY YARBER,                      CASE NO.: C 07 02695 EMC

14              Plaintiff,

15      vs.                              **DEFENDANT FEDERAL EXPRESS
                                         CORPORATION'S NOTICE OF REMOVAL**
16  FEDERAL EXPRESS CORPORATION, a
    business entity; and DOES 1-25, inclusive,  **(DIVERSITY JURISDICTION 28 U.S.C. §§
17                                       1332, 1441 AND 1446)**

18              Defendants.

19

20

21      **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND**

22  **HIS ATTORNEYS OF RECORD:**

23      PLEASE TAKE NOTICE THAT Defendant FEDERAL EXPRESS CORPORATION

24  ("FedEx"), hereby removes the state action described herein, filed in the Superior Court of the State of

25  California, County of Alameda, to the United States District Court for the Northern District of

26  California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  FedEx will promptly file in said Superior

27  Court its Notice to State Court and All Adverse Parties of Removal of Civil Action.  A true and correct

28

COPY



1    copy of the Notice to State Court and All Adverse Parties of Removal of Civil Action, without its

2    accompanying exhibits is attached hereto as Exhibit "A". This case is being removed based on

3    diversity of citizenship.

4         The grounds for removal are as follows:

5         1.    On April 20, 2007, an action was commenced against FedEx in the Superior Court of

6    the State of California, County of Alameda, entitled Anthony Yarber v. Federal Express Corporation, a

7    business entity; and DOES 1 through 25, Inclusive, Case No. RG07321738.

8         2.    FEDEX's agent for service of process, CT Corporation, was served with a copy of the

9    Summons and a copy of the Complaint on or about April 23, 2007. A true and correct copy of the

10   Service of Process Transmittal Form from CT Corporation is attached hereto as Exhibit "B." True and

11   correct copies of the Summons and the Complaint are attached hereto as Exhibit "C." True and correct

12   copies of the State Court Civil Cover Sheet and the Notice of Case Management Conference and Order

13   in state court are attached hereto as Exhibit "D".

14        3.    On May 16, 2007, Defendant received notice of Plaintiff's intent to seek damages over

15   the amount of $75,000 when it received Plaintiff's Statement of Damages. A true and correct copy of

16   Plaintiff's Statement of Damages is attached hereto as Exhibit "E." Exhibits "B", "C," "D," and "E"

17   constitute all of the papers received by FEDEX in the state court action.

18        4.    On May 21, 2007, FEDEX timely filed its Answer to Plaintiff's Complaint ("Answer").

19   A true and correct copy of the Answer is attached hereto as Exhibit "F".

20        5.    Accordingly, pursuant to 28 U.S.C. section 1446(b), this Notice to Federal Court of

21   Removal is timely in that it is filed within thirty days after FEDEX was served with the Summons and

22   Complaint. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc. (1999) 119 S.Ct. 1322.

23        6.    This action is a civil action on which this Court has original jurisdiction under 28 U.S.C.

24   section 1332(a)(1) and (c)(1) and is one which may be removed to this Court by FEDEX pursuant to the

25   provisions of 28 U.S.C. section 1441 (b) in that it is a civil action wherein the matter in controversy

26   exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different

27   states.

28        7.    Plaintiff was, at the time of commencing his action, and still is, a citizen of the State of

2

1  California.

2      8.    FedEx was, at the time of the filing of this action, and still is, a citizen of the States of

3  Delaware and Tennessee in that FedEx was and continues to be a corporation incorporated under the

4  laws of the State of Delaware, having its principal place of business in the State of Tennessee.  28

5  U.S.C. §§1332(a)(1), (c)(1), 1441(b).

6      9.    Defendants designated as DOES 1 to 25 are fictitious defendants, are not parties to this

7  action, have not been served and are to be disregarded for the purpose of this removal.  28 U.S.C. §

8  1441(a).  McCabe v. General Foods Corp. (9th Cir. 1987) 811 F.2d 1336, 1339.  Said defendants,

9  therefore, need not consent to this removal.

10      10.    If a plaintiff's state court complaint is silent as to the amount of damages claimed, the

11  removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds

12  the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 860-861,

13  *amended by, rehrng en banc denied by,* 102 F.3d 398 (9th Cir. Cal. 1996).  In an action by a single

14  plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional

15  amount. *Bank of Calif. v. Twin Harbors Lumber Co.* (9th Cir. 1972) 465 F.2d 489, 491; *Angus v. Shiley*

16  *Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an

17  open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

18      11.    The amount in controversy may include general and special compensatory damages and

19  attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d

20  1150, 1155-1156.  The Court may examine the nature of the action and the relief sought, and take

21  judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Technology* (N.D.

22  Cal. 2002) 209 F.Supp.2d 1029, 1035 (noting that attorneys' fees in individual employment

23  discrimination cases often exceed damages).  Furthermore, such fees are calculable beyond the time of

24  removal. *Id.*

25      12.    This case is one in wherein the matter in controversy exceeds the sum of $75,000.00,

26  exclusive of interest and costs.  Plaintiff alleges four counts in his Complaint:  (1) Age Discrimination;

27  (2) breach of contract/failure to pay wages due; (3) retaliation (4) intentional infliction of emotional

28  distress.  Complaint pp. 5-8.  Plaintiff seeks recovery of general and special damages, including lost

1  wages and benefits, emotional distress damages and attorney's fees, as well as punitive damages.

2  Complaint at pp. 9.

3      13.    Moreover, as set forth in Plaintiff's Statement of Damages, attached hereto as Exhibit

4  "E", Plaintiff alleges damages that well-exceed the sum of $75,000, which include (1) lost wages from

5  July 2003 to April 2005 in the amount of "approximately $5,517.60," and from April 2005 to the

6  present in the amount of "at least $5,852.00;" (2)  lost wages from the "differential between plaintiff's

7  actual rate of pay and the rate of pay for a ramp agent from 2004 to the present, which differential

8  plaintiff estimates to be approximately...$15,600," (3) "loss of retirement and other benefits and

9  opportunities for career advancement...if he had been paid his prior wages and had not been improperly

10  denied promotion;" (4) "future lost wages up to at least age 65 based on defendant's refusal to promote

11  plaintiff based on his age and in retaliation for complaining about his mistreatment;" (5) "emotional

12  distress [damages]... in an amount not less than $500,000;" (6) "recovery of plaintiff's costs and

13  attorneys' fees;" (7) "interest on all sums due and payable;" (8) "waiting time penalties pursuant to

14  Labor Code section 203;" and (9) punitive damages. See Exhibit "E," pp. 2-4.

15      14.    Furthermore, the potential punitive damage award against a defendant such as FedEx

16  satisfies the amount in controversy.  California law does not provide any specific monetary limit on the

17  amount of punitive damages which may be awarded under Civil Code §3294, and the proper amount of

18  punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the

19  ratio between compensatory and punitive damages, and ratio between damages and defendant's net

20  worth.  *Boyle v. Lorimar Productions, Inc.* (9th Cir. 1994), 13 F.3d 1357.  Punitive damages are

21  included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n,* 325

22  F. 2d 785 (9th Cir.1963); *see also, Aucina v. Amoco Oil Co.* (S.D. Iowa 1994), 871 F. Supp. 332.  In

23  *Aucina,* the defendant-employer established that the amount in controversy exceeded the jurisdictional

24  minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and

25  punitive damages.   The court also noted that defendant was a Fortune 500 Company, and that

26  "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from

27  similar conduct." the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional

28  minimum. *Aucina,* 871 F. Supp. At 334. *See also Adams v. Murakami* (1991) 54 C. 3d 105. Plaintiff's

4

1    claim of lost wages and benefits, as well as his claim for additional damages, including *emotional*

2    *distress* and *punitive damages*, clearly establish an amount in controversy well in excess of $75,000.00.

3        15.    Venue is proper in this Court in that this is the Court of the District embracing the place

4    where the action is pending in state court. 28 U.S.C. §1441(a).

5        16.    No bond is required for removal. 28 U.S.C. §1446(d); *Rezendes v. Dow Corning Corp.*

6    (E.D. Cal. 1989) 717 F. Supp. 1435, 1438 n.2.

7        17.    Because there is complete diversity of citizenship between Plaintiff and Defendant

8    FedEx and because the amount in controversy exceeds $75,000, exclusive of interest and costs, FEDEX

9    hereby removes the civil action against it in the Superior Court of the State of California, County of

10   Alameda, to this Honorable District Court.

11   DATED: May 22, 2007.              Respectfully submitted,

12

13                                    By: _____
                                          STACEY O. JUE
645806                                    Attorney for Defendant
14                                        FEDERAL EXPRESS CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2      I declare that I am employed with the Legal Department of Federal Express Corporation "Fed

3 Ex" LLP, whose address is 2601 Main Street, Suite 340, Irvine, California 92614. I am not a party to

4 the within cause, and I am over the age of eighteen years.

5      I further declare that on May ∂∂, 2007, I served a copy of:

6

## DEFENDANT FEDERAL EXPRESS CORPORATION'S
## NOTICE OF REMOVAL

7

8   ☒   **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true
        copy thereof enclosed in a sealed envelope with delivery fees provided for,
9       addressed as follows, for collection by Fed Ex Express, at 2601 Main Street, suite
        340, Irvine, California 92614 in accordance with Fed Ex's ordinary business
10      practices.

11      I am readily familiar with Fed Ex's practice for collection and processing of
        correspondence for overnight delivery and know that in the ordinary course of Fed
12      Ex's business practice the document(s) described above will be deposited in a box
        or other facility regularly maintained by Fed Ex Express or delivered to an
13      authorized courier or driver authorized by Fed Ex Express to receive documents on
        the same date that it (they) is are placed at Fed Ex for collection.
14

15

16                       ***Paul B. Justi, Esq.***
                    **Law Offices of Paul B. Justi**
17                  ***18 Crow Canyon Court, Suite 160***
                      **San Ramon, CA 94583**
18                ***Tel: 925-837-9677 / Fax: 925-837-0548***

19

20                 **Attorney for Plaintiff Anthony Yarber**

21      I declare under penalty of perjury that the foregoing is true and correct.   I declare that I am
employed in the office of a member of the bar of this court at whose direction the service was made.

22      Executed at Irvine, California, this ∂∂ th day of May, 2007.

23

24

25

26  _____            _____
         Valerie Dimalanta-Segal
27            (typed)                                    (signature)

28

6