EXHIBIT "C"

04/19/2007 14:19 FAX 9258370548          PAUL B. JUSTI                                    ☒002

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDERAL EXPRESS CORPORATION, a business entity; and DOES 1-25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANTHONY YARBER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

APR 20 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:              CASE NUMBER: **VG07321738**
*(El nombre y dirección de la corte es):* Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul B. Justi (SBN124727)/LAW OFFICES OF PAUL B. JUSTI    925.837.9677
18 Crow Canyon Court, Suite 160  San Ramon, CA 94583

DATE: **APR 20 2007**   Clerk, by **PAT S. SWEETEN** *(Secretario)*   Tasha Perry, Deputy
*(Fecha)*                                                               *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

EXHIBIT **C**
PAGE **11**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): FEDERAL EXPRESS CORPORATION
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

04/19/2007 14:19 FAX 9258370548        PAUL B. JUSTI                              ☒003

1  Paul B. Justi (SBN 124727)
   LAW OFFICES OF PAUL B. JUSTI
2  18 Crow Canyon Court
   San Ramon, CA 94583
3  T: 925.837.9677
   F: 925.837.0548
4
   Attorneys for Plaintiff
5  ANTHONY YARBER

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 0 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

ALAMEDA COUNTY

UNLIMITED JURISDICTION

| | |
|---|---|
| ANTHONY YARBER, | CASE NO. RG 07321738 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | JURY TRIAL DEMANDED |
| FEDERAL EXPRESS CORPORATION, a business entity; and DOES 1-25, inclusive, | |
| Defendants | |

BY FAX

Plaintiff alleges:

1. Plaintiff ANTHONY YARBER ("Plaintiff") is a natural person and an employee of defendant FEDERAL EXPRESS CORPORATION ("FedEx"). Plaintiff is 51 years old. Prior to the filing of this complaint, plaintiff obtained a Right to Sue letter from the California Department of Fair Employment and Housing authorizing the filing of the present complaint.

2. Defendant FEDEX is a business entity doing business in the State of California. Defendant FEDEX employs plaintiff at the Oakland Airport in the City of Oakland, County of Alameda.

3. Plaintiff is ignorant of the true names and capacities of defendants DOES 1

EXHIBIT C
PAGE

COMPLAINT FOR DAMAGES                    1

1  through 25 and sues such defendants by such fictitious names. Plaintiff is informed and believes
2  and thereon alleges that each such fictitiously named defendant is responsible, in whole or in part,
3  for the acts and omissions alleged herein. Plaintiff will amend this complaint to identify the true
4  names and capacities of such fictitiously named defendants when ascertained.
5      4.   Each defendant identified herein is the agent, employee and/or servant of
6  each other defendant and committed the acts and omissions alleged herein while acting in the
7  course and scope of such agency, employment and/or servitude such that each defendant is jointly
8  and severally responsible for the acts and omissions of each other defendant.

## GENERAL ALLEGATIONS

10      5.   Plaintiff was previously employed by defendant FedEx from in or about
11  December, 1999 to 2002 and then re-joined defendant FedEx on or about July 13, 2003 through
12  the present. During these two terms of employment, plaintiff has been a ramp worker assisting in
13  loading packages onto aircraft operated by defendant FedEx in its delivery business. During both
14  periods of his employment and continuing through the present, plaintiff has been an exemplary
15  employee with no disciplinary problems and excellent performance evaluations. Plaintiff has also
16  successfully completed defendant FedEx's management training program, ASPIRE.
17      6.   In or about 2002, plaintiff was employed by defendant FedEx as a ramp
18  worker on a part-time basis at defendant FedEx's facility at San Francisco International Airport
19  ("SFO"). In or about 2002, plaintiff voluntarily left the employ of defendant FedEx in order to
20  devote his time full-time to the ownership and operation of his own business, which plaintiff had
21  owned and operated for 22 years, overseeing and managing several employees.
22      7.   When plaintiff decided to seek employment again with defendant FedEx,
23  plaintiff's former manager at SFO learned that plaintiff was seeking a position at defendant
24  FedEx's facility at the Oakland Airport. Because of plaintiff's demonstrate skill and ability,
25  plaintiff's former manager at SFO specifically requested that plaintiff work at SFO, rather than at
26  the Oakland Airport. Plaintiff agreed.
27      8.   After defendant FedEx re-hired plaintiff because of his proven skills and
28  ability, plaintiff repeatedly applied for promotion to the position of ramp agent, for which plaintiff

EXHIBIT  C
COMPLAINT FOR DAMAGES                            2                              PAGE  17

1  was clearly qualified, based on, *inter alia*, his skill and experience, *his completion of defendant*
2  *FedEx's ASPIRE management training program and his independent experience of owning and*
3  *operating his own business for 22 years and supervising and overseeing his employees in such*
4  *business.* Despite his qualifications, training and experience, defendant FedEx repeatedly passed
5  plaintiff over for promotion in favor of significantly younger, less experienced and less qualified
6  applicants. Plaintiff was passed over for promotion based on his age.

7       9.     Plaintiff sought the first such promotion in or about 2004, at age 48.
8  Despite his superior qualifications, training and experience, defendant FedEx refused to promote
9  plaintiff and instead promoted a woman who was less qualified and had less training and
10 experience and who was only in her twenties.

11      10.    In or about March, 2005, *plaintiff again applied for a ramp agent position,*
12 this time at Oakland Airport. Despite his extensive experience, training and qualifications,
13 plaintiff was not even called for an interview for the position. Instead, defendant FedEx again
14 gave the position to a much younger, less qualified and less experienced person who, as before,
15 was only in his twenties.

16      11.    Once again, *in or about September, 2005,* plaintiff applied for a promotion
17 to the position of ramp agent. Once again, despite his superior qualifications, training and
18 experience, plaintiff was passed over in favor of significantly younger, less experienced and less
19 qualified applicants.

20      12.    In September, 2006, plaintiff again applied for a promotion to a
21 management position and was again denied promotion because of his age. Plaintiff prepared all
22 the requisite paperwork to apply for the position and specifically requested his supervisor, Eric
23 Dunn, review his application to ensure that the application was properly completed and contained
24 all of the necessary paperwork. Plaintiff's supervisor, Dunn, reviewed the application and
25 confirmed that it contained all the necessary paperwork to apply for the position.
26 Notwithstanding the fact that his application was complete, as confirmed by plaintiff's supervisor,
27 defendant FedEx supervisor Michael Blanchard summarily rejected the application, refused to
28 consider plaintiff for the position and refused to provide the promotion to plaintiff on the

COMPLAINT FOR DAMAGES                          3

EXHIBIT ____
PAGE ____

1  pretextual grounds that plaintiff's application did not contain a resume summary and that plaintiff
2  was not qualified because he had no ramp agent experience -- the position that plaintiff had been
3  improperly denied on multiple prior occasions because of plaintiff's age. Defendant FedEx has
4  previously promoted employees that lacked ramp agent experience and ramp agent experience
5  was not a pre-requisite for the position plaintiff was seeking.

6      13.    After September, 2006, plaintiff again applied for a ramp agent position
7  and was again refused promotion in favor of a significantly younger, less experienced and less
8  qualified applicant.

9      14.    Defendant FedEx has consistently interfered with plaintiff's efforts to
10 rectify the wrongful age-based discrimination to which plaintiff has been subjected, including,
11 without limitation, by blocking plaintiff's ability to take courses to increase his skills and
12 qualifications and by preventing plaintiff from obtaining his ASPIRE management training scores
13 to demonstrate that plaintiff is indeed qualified for the promotions which he has consistently been
14 denied. Specifically, plaintiff sought to take defendant FedEx's Weight and Balance class and was
15 assured by defendant FedEx's Human Resources Department that plaintiff would be able to take
16 the Weight and Balance class. Despite this assurance from the Human Resources Department,
17 defendant FedEx supervisor Dunn refused to permit plaintiff to take the class. Defendant FedEx's
18 Human Resources Department also informed plaintiff that he would be able to obtain his scores
19 from defendant FedEx's ASPIRE management training program. Despite this assurance from the
20 Human Resources Department, defendant FedEx supervisor Michael Blanchard refused to
21 provide plaintiff with all of his ASPIRE scores.

22     15.    In further efforts to block plaintiff's efforts to obtain advancement and
23 promotion, plaintiff has been excluded from leadership meetings and has been assigned menial and
24 demeaning tasks.

25     16.    In addition to the foregoing unlawful discrimination based on age, plaintiff
26 has also improperly been denied wages owed to him. At the time that plaintiff voluntarily left the
27 employ of defendant FedEx, he was being paid at an hourly rate of $15.74. Pursuant to defendant
28 FedEx compensation rules, when plaintiff was re-hired by defendant FedEx, plaintiff was entitled

COMPLAINT FOR DAMAGES                    4

EXHIBIT C
PAGE 15

to receive the same rate of pay as when he left, $15.74. Contrary to its own compensation rules, defendant FedEx paid plaintiff only $13.65 per hour.

17. In addition, in April, 2005, plaintiff transferred from SFO to defendant FedEx's facility at Oakland Airport. At the time of such transfer, plaintiff was being paid $14.22 per hour at SFO, but plaintiff's pay was cut to $13.65 per hour at Oakland Airport, whereas under defendant FedEx's rules, he should have received at least the same rate as his rate of pay at SFO.

18. Plaintiff repeatedly complained about this underpayment, as well as being improperly refused promotion. On or about November 15, 2006, plaintiff spoke with defendant FedEx Human Resources Department and Human Resources Department representative confirmed that plaintiff was entitled to his prior rate of pay. Notwithstanding this acknowledgment, defendant FedEx then refused to compensate him at the prior and higher rate of pay.

19. Defendant FedEx knowingly engaged in and ratified the above-referenced conduct, including, without limitation, based on the fact that such conduct was undertaken by supervisorial and managerial level employees and further based on the fact that defendant FedEx purported to investigate plaintiff's claims, without actually interviewing plaintiff, and thereafter approved of the acts and omissions alleged above.

20. As a proximate result of the foregoing acts and omissions, plaintiff has suffered damages, including, without limitation, lost wages, both past and future, loss of benefits, loss of opportunities for further career advancement and emotional distress, all in amounts to be proven at trial and in excess of the jurisdictional limits of this court.

21. The foregoing acts and omissions were fraudulent, despicable, oppressive, malicious and undertaken in conscious disregard of plaintiff's rights such that an award of punitive damages to punish and make an example of defendant FedEx is warranted.

### FIRST CAUSE OF ACTION
### AGE DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE §12940
### (Defendant FedEx)

22. Plaintiff incorporates by this reference paragraphs 1 through 21, above, as

EXHIBIT C
PAGE 16

though fully set forth herein.

23. Defendant FedEx is subject to the requirements of the California Fair Employment and Housing Act ("FEHA"), prohibiting discrimination in the terms and conditions of employment based on, *inter alia*, age.

24. Plaintiff is 51 years old and is protected by FEHA against discrimination in the terms and conditions of employment based on age.

25. Plaintiff repeatedly applied for positions for which he was qualified and experienced. On each occasion that plaintiff applied for such positions, defendant FedEx denied the promotion to plaintiff because of plaintiff's age and instead gave the position to less experienced and less qualified applicants because of their age and because of the fact that those employees who were promoted were significantly younger than plaintiff.

26. As a proximate result of the foregoing acts and omissions, plaintiff has suffered damages, including, without limitation, lost wages, both past and future, loss of benefits, loss of opportunities for further career advancement and emotional distress, all in amounts to be proven at trial and in excess of the jurisdictional limits of this court. Plaintiff also seeks statutory attorneys' fees.

27. The foregoing acts and omissions were fraudulent, despicable, oppressive, malicious and undertaken in conscious disregard of plaintiff's rights such that an award of punitive damages to punish and make an example of defendant FedEx is warranted.

### SECOND CAUSE OF ACTION
### BREACH OF CONTRACT/FAILURE TO PAY WAGES DUE
(Defendant FedEx)

28. Plaintiff incorporates by this reference paragraphs 1 through 27, above, as though fully set forth herein.

29. Defendant FedEx agreed and contracted with its employees that if an employee left defendant FedEx's employ and then returned, such employee would be entitled to return to employment at the same rate of pay as such employee was being paid when such employee previously left the employment of defendant FedEx. Defendant FedEx further agreed and contracted with its employees that if they made a lateral transfer of position, that they would

EXHIBIT C
PAGE 17

COMPLAINT FOR DAMAGES                        6

1  continue to receive the same rate of pay at the new position as at the previous position.

2      30.    Plaintiff left defendant FedEx's employ in or about 2002 and returned to
3  defendant FedEx's employ on or about July 13, 2003. When plaintiff left defendant FedEx's
4  employ, defendant FedEx was paying plaintiff $15.74 per hour and should have re-hired plaintiff
5  at the same rate of pay. Instead of paying plaintiff $15.74 per hour when he was re-hired,
6  defendant FedEx only paid plaintiff $13.65 per hour.

7      31.    After being re-hired by defendant FedEx, plaintiff then transferred from
8  defendant FedEx's San Francisco Airport facility to defendant FedEx's Oakland Airport facility.
9  Defendant FedEx's rules are that for such a lateral transfer, plaintiff should have been paid the
10 same rate of pay at the Oakland Airport facility as he had been making at the San Francisco
11 Airport facility. Plaintiff's rate of pay at the San Francisco Airport facility was $14.22 per hour.
12 However, when plaintiff transferred to the Oakland Airport facility, defendant FedEx improperly
13 cut plaintiff's pay and commenced paying him only $13.65 per hour.

14     32.    As a proximate result of such impermissible pay cuts by defendant FedEx,
15 plaintiff has suffered damages in the form of lost wages equal to the difference between what
16 plaintiff should have been paid and what plaintiff was actually paid, in an amount according to
17 proof and in excess of the jurisdictional limit of this court. Plaintiff also seeks statutory attorneys'
18 fees.

19     33.    The foregoing acts and omissions were fraudulent, despicable, oppressive,
20 malicious and undertaken in conscious disregard of plaintiff's rights such that an award of punitive
21 damages to punish and make an example of defendant FedEx is warranted.

**THIRD CAUSE OF ACTION**
**RETALIATION**
(Defendant FedEx)

24     34.    Plaintiff incorporates by this reference paragraphs 1 through 33, above, as
25 though fully set forth herein.

26     35.    Plaintiff complained about being improperly passed over for prior
27 promotions, complained about not receiving his proper rate of pay and also complained about
28 unlawful racial discrimination by enrolling in a pending race discrimination class action lawsuit

COMPLAINT FOR DAMAGES      7

EXHIBIT C PAGE 18

filed against defendant FedEx.

36. Plaintiff is informed and believes and thereon alleges that the most recent denials of promotion were in retaliation for plaintiff's prior complaints and in retaliation for enrolling in the prior race discrimination class action lawsuit filed against defendant FedEx. Such retaliation in response to objecting to unlawful employment practices is prohibited by the California Fair Employment and Housing Act.

37. As a proximate result of the foregoing acts and omissions, plaintiff has suffered damages, including, without limitation, lost wages, both past and future, loss of benefits, loss of opportunities for further career advancement and emotional distress, all in amounts to be proven at trial and in excess of the jurisdictional limits of this court. Plaintiff also seeks statutory attorneys' fees.

38. The foregoing acts and omissions were fraudulent, despicable, oppressive, malicious and undertaken in conscious disregard of plaintiff's rights such that an award of punitive damages to punish and make an example of defendant FedEx is warranted.

**FOURTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Defendant FedEx)**

39. Plaintiff incorporates by this reference paragraphs 1 through 38, above, as though fully set forth herein.

40. As alleged in greater detail above, defendant FedEx repeatedly discriminated against plaintiff in the terms and conditions of his employment based on age, rejected plaintiff's efforts to rectify the situation and refused to pay plaintiff the wages to which he was entitled.

41. Such conduct is extreme and outrageous and beyond the bounds of all civilized behavior.

42. Such conduct was undertaken with the intent of causing plaintiff severe emotional distress and had the effect of causing plaintiff severe emotional distress.

43. As a proximate result of defendant's extreme and outrageous behavior, plaintiff has suffered damages, including, without limitation, severe emotional distress,

EXHIBIT C
PAGE 19

COMPLAINT FOR DAMAGES                                8

1  humiliation, loss of advancement and promotion, lost wages, both past and future, and loss of
2  benefits.
3       44.    The foregoing acts and omissions were fraudulent, despicable, oppressive,
4  malicious and undertaken in conscious disregard of plaintiff's rights such that an award of punitive
5  damages to punish and make an example of defendant FedEx is warranted.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

1. General damages in an amount to be proved at trial;
2. Special damages in an amount to be proved at trial;
3. Punitive damages in an amount sufficient to punish, deter and make an example of defendant FedEx;
4. Cost, interest and attorneys' fees; and
5. Such other and further relief as the Court deems fair and just.

Dated: April 19, 2007         LAW OFFICES OF PAUL B. JUSTI

                              By _____
                                    Paul B. Justi

                              Attorneys for plaintiff
                              ANTHONY YARBER

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated: April 19, 2007         LAW OFFICES OF PAUL B. JUSTI

                              By _____
                                    Paul B. Justi

                              Attorneys for plaintiff
                              ANTHONY YARBER

EXHIBIT C
PAGE 20

COMPLAINT FOR DAMAGES                9