EXHIBIT "E"

F

1  Paul B. Justi (SBN 124727)
   LAW OFFICES OF PAUL B. JUSTI
2  18 Crow Canyon Court
   San Ramon, CA 94583
3  T: 925.837.9677
   F: 925.837.0548
4
   Attorneys for Plaintiff
5  ANTHONY YARBER

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                          ALAMEDA COUNTY

10                        UNLIMITED JURISDICTION

11

12  ANTHONY YARBER,                    )  CASE NO. RG07321738
                                       )
13            Plaintiff,               )  PLAINTIFF ANTHONY YARBER'S
                                       )  RESPONSE TO DEFENDANT'S
14        v.                           )  REQUEST FOR STATEMENT OF
                                       )  DAMAGES
15  FEDERAL EXPRESS CORPORATION, a     )
    business entity; and DOES 1-25, inclusive, )
16                                     )
            Defendants                 )
17  _____    )

18

19  PROPOUNDING PARTY:   DEFENDANT FEDERAL EXPRESS CORPORATION

20  RESPONDING PARTY:    PLAINTIFF ANTHONY YARBER

21                  **GENERAL OBJECTIONS AND RESERVATIONS**

22       Plaintiff objects to the service of a request for statement of damages at this early

23  stage in the litigation on the grounds that much of the information required for plaintiff to

24  calculate the amount of damages being sought depends on information presently in the possession,

25  custody and control of defendant, including, without limitation, the precise number of hours

26  plaintiff worked over the past 4 years, the amounts and timing of raises over the past 4 years (as

27  to plaintiff's position and the positions for which plaintiff was wrongfully denied promotion), the

28  hourly wages for the position of ramp agent, the benefits available to plaintiff in accordance with

RESP. TO RQST. FOR STMT. OF DAMAGES        1

EXHIBIT C
PAGE 2

his rate of pay and position, as well as defendant's financial condition and net worth (for purposes of punitive damages). In addition, certain of plaintiff's damages also depend on the calculations and opinions of expert witnesses yet to be designated by plaintiff, for example, with respect to the present value of future wages, benefits and other career opportunities that are being wrongfully withheld from plaintiff.

Plaintiff reserves the right to supplement these responses and to modify and revise these responses as discovery progresses and as additional information becomes known to plaintiff.

**RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES**

Plaintiff's damages include (1) lost wages for being wrongfully denied his proper rate of pay, both with respect to his return to working for FedEx on or about July 13, 2003 and with respect to his transfer from defendant's San Francisco Airport facility to defendant's Oakland Airport facility; (2) lost wages for being wrongfully denied promotion to the position of ramp agent on multiple occasions; (3) loss of retirement and other benefits and opportunities for career advancement that would otherwise have been available to plaintiff if he had been paid his proper wages and had not been improperly denied promotion; (4) future lost wages up to at least age 65 based on defendant's refusal to promote plaintiff based on his age and in retaliation for complaining about his mistreatment; (5) emotional distress damages for being denied proper compensation and from being denied promotion based on his age; (6) emotional distress damages for being retaliated against as a result of claiming his proper wages and objecting to defendant's improper age discrimination (which retaliation includes, most recently, being blamed for a recent workplace injury plaintiff sustained, even though responsibility for the injury lies with plaintiff's co-worker); (7) punitive damages in an amount sufficient to punish, deter and make an example of defendant FedEx; (8) waiting period penalties pursuant to Labor Code section 203; (9) recovery of plaintiff's costs and attorneys' fees; and (10) interest on all sums due and payable. Discovery is continuing; plaintiff reserves the right to supplement and/or modify these responses, in light of the fact that much of the information upon which calculation of plaintiff's damages depends is in the hands of defendant and in light of the fact that certain of the precise damages calculations will depend on the opinions of experts yet to be designated.

EXHIBIT E
PAGE 27

1  When plaintiff returned to work for defendant FEDERAL EXPRESS
2  CORPORATION ("FedEx") on or about July 13, 2003, he should have been making $15.74 per
3  hour, but instead was only being paid $13.65 per hour, a shortfall of $2.09 per hour. Plaintiff was
4  working approximately 30 hours/week and the shortage was therefore at least approximately
5  $62.70 per week, from on or about July 13, 2003 until plaintiff transferred from SFO to the
6  Oakland Airport in or about April, 2005, or approximately $5,517.60 up until plaintiff transferred
7  to the Oakland Airport. At the time of his transfer from SFO to Oakland, plaintiff should have
8  been making $15.74 per hour + hourly raises from 7/03 to 4/05, but was only paid $13.65 per
9  hour (representing a reduction even from the rate of pay of $14.22 per hour plaintiff was being
10 paid at San Francisco at the time of his transfer to Oakland). The shortfall was thus at least $2.09
11 per hour; plaintiff was working full time at Oakland Airport, which plaintiff estimates was 50
12 hours per week, such that the shortfall was at least $104.50 per week (not including overtime)
13 from 4/05 through the present, or at least $5,852.00. These figures do not include differentials in
14 possible overtime rates of pay pursuant to Labor Code section 510 between what plaintiff should
15 have been paid and what plaintiff actually was paid, which calculations depend on information in
16 defendant's possession, custody and control.
17      Plaintiff's damages also include the differential between plaintiff's actual rate of
18 pay and the rate of pay for a ramp agent from 2004 to the present, which differential plaintiff
19 estimates to be approximately $2.00 per hour, or $100.00 per week for the last 3 years, or
20 $15,600.
21      In addition, with higher levels of compensation, plaintiff would have also been
22 entitled to greater retirement benefits, calculation of which depends on information in the control
23 of defendant FedEx, as well as greater career opportunities for further advancement.
24      Plaintiff also seeks lost future wages up to at least age 65, based on defendant's
25 failure to promote plaintiff, calculation of which amount depends on expert witness testimony
26 based on information presently in defendant's possession, custody and control.
27      Plaintiff has also suffered emotional distress from being repeatedly passed over for
28 promotion based on his age, from not being paid compensation that was due to him, and from

1  being retaliated against, which amount will be determined by a jury and which plaintiff
2  conservatively estimates to be in an amount not less than $500,000.
3      Plaintiff also seeks punitive damages in an amount to be determined by a jury,
4  based on defendant FedEx's financial condition and net worth.
5      Plaintiff also seeks costs and attorneys' fees, the amount of will be determined
6  after final resolution of this action.
7      Plaintiff also seeks interest on all sums due and payable, the amount of will be
8  determined after final resolution of this action.
9      Plaintiff also seeks waiting time penalties under Labor Code section 203
10     Discovery is continuing; plaintiff reserves the right to supplement and/or modify
11 these responses, in light of the fact that much of the information upon which calculation of
12 plaintiff's damages depends is in the hands of defendant and in light of the fact that certain of the
13 precise damages calculations will depend on the opinions of experts yet to be designated..
14 Dated: 5/16/07

LAW OFFICES OF PAUL B. JUSTI

By _____
Paul B. Justi

Attorneys for plaintiff ANTHONY YARBER

EXHIBIT E
PAGE 29

RESP. TO RQST. FOR STMT. OF DAMAGES      4

## VERIFICATION

I, Anthony Yarber, declare as follows:

I have reviewed the attached **PLAINTIFF ANTHONY YARBER'S RESPONSE TO DEFENDANT'S REQUEST FOR STATEMENT OF DAMAGES** and am familiar with its contents. I am informed and believe that the contents thereof are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on May 16, 2007 at Pittsburg, CA.

_____
Anthony Yarber

EXHIBIT E
PAGE 30

**PROOF OF SERVICE BY REGULAR MAIL**

I, Paul B. Justi, declare as follows:

1. I am a resident of the State of California over the age of 18 and not a party to this action. My business address is 18 Crow Canyon Court, Suite 160, San Ramon, CA 94583. I served the following document(s):

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER**

**NOTICE OF JUDICIAL ASSIGNMENT FOR ALL PURPOSES**

by mailing a copy of such document(s) to the following person(s) at the following address(es) by US mail, postage prepaid:

David S. Wilson, III
FedEx Corporation
2601 Main Street
Irvine, CA 92614

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2007 at San Ramon, CA.

_____
Paul B. Justi

EXHIBIT E
PAGE 31