EXHIBIT "F"

```
 1  DAVID S. WILSON, III, ESQ., State Bar No. 174185
    STACEY O. JUE, ESQ., State Bar No. 231429
 2  FEDERAL EXPRESS CORPORATION
    2601 Main Street, Suite 340
 3  Irvine, California 92614
    Telephone:  (949) 862-4638
 4  Facsimile:  (949) 862-4605
    stacey.jue@fedex.com
 5
    Attorneys for Defendant
 6  FEDERAL EXPRESS CORPORATION
 7
```

ENDORSED FILED ALAMEDA COUNTY
MAY 21 2007
CLERK OF SUPERIOR COURT
BY C. GREEN, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

**FILED BY FAX**

| | |
|---|---|
| ANTHONY YARBER,<br><br>PLAINTIFF,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION, a business entity, and DOES 1-25, inclusive,<br><br>DEFENDANTS. | Case No.: RG07321738<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: April 20, 2007 |

TO PLAINTIFF ANTHONY YARBER AND HIS COUNSEL OF RECORD:

Defendant Federal Express Corporation ("FedEx") answers Plaintiff Anthony Yarber's ("Plaintiff") unverified complaint ("Complaint"), for itself alone and for no other defendants, as follows:

## ANSWER

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation set forth in Plaintiff's Complaint and each purported cause of action contained therein. Defendant further denies, generally and specifically, that Plaintiff has been

EXHIBIT F
PAGE 32

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

damaged in the sums alleged or in any sum at all as a result of the alleged acts, omissions or other conduct of Defendant, and/or its agents, employees or independent contractors, and Defendant denies that Plaintiff is entitled to any of the relief sought against Defendant in the Complaint. Defendant further denies that it is in any way liable to Plaintiff or that it has acted or failed to act so as to be the legal cause of any damage to Plaintiff. By pleading the separate defenses set forth below, Defendant does not admit that it has the burden of production or of proof with respect to any such defenses.

## AFFIRMATIVE AND OTHER DEFENSES

As separate, distinct, and affirmative defenses to Plaintiff's Complaint, and to the purported causes of action therein, Defendant alleges and avers the following:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Defendant had an honest, reasonable, good faith belief in the facts on which it, and/or its agents and/or employees, based their acts, omissions and conduct taken with respect to Plaintiff and all acts were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons and were not in violation of any law or FedEx policy.

### THIRD AFFIRMATIVE DEFENSE

3. The Complaint, and each purported cause of action contained therein, is barred in whole or in part, because the injuries and damages allegedly incurred by Plaintiff were not the result of any acts, omissions or other conduct of Defendant, and/or its agents and/or employees, nor the conditions of Plaintiff's work environment.

### FOURTH AFFIRMATIVE DEFENSE

4. The Complaint, and each purported cause of action contained therein, is barred in whole or in part, because Plaintiff's Complaint, and each purported cause of action contained therein, is barred in whole or in part, by his status as an "at-will" employee, said status being established by California law, numerous statements of said status in FedEx's employee handbook and

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

- 2 -
ANSWER TO COMPLAINT

EXHIBIT f
PAGE 37

acknowledgments signed by Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

5. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by virtue of the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

6. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Civil Code of Procedure §§ 335.1, 337, 338(a), 339 and/or 340 and 343, Labor Code § 1197.5, and Government Code §§ 12960 and 12965 as well as any other applicable statute of limitation.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff breached his duty of reasonable care, good faith and loyalty to FedEx. California Labor Code §§ 2854, 2856 and 2859.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of waiver because of Plaintiff's negligent or improper conduct, acts and omissions.

**NINTH AFFIRMATIVE DEFENSE**

9. The acts, omissions or other conduct alleged in the Complaint, and each purported cause of action contained therein, was based on reasonable, non-discriminatory factors and were free from unlawful discrimination or violation of public policy of any kind.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff is estopped from recovering damages pursuant to the Complaint, and each purported cause of action contained therein, by his acts, omissions or other conduct, including, but not limited to, his failure to utilize or otherwise exhaust his remedies under Defendant FedEx's internal complaint procedure by, among other things, failing to complain of the acts, omissions and conduct alleged in a timely fashion.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

- 3 -
ANSWER TO COMPLAINT

EXHIBIT  F
PAGE  34

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff failed to fully and timely exhaust his required statutory administrative remedies prior to commencing suit.

### TWELFTH AFFIRMATIVE DEFENSE

12. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed filing this action, thereby prejudicing Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The Complaint, and each purported cause of action contained therein, in whole or in part, and any recovery on Plaintiff's Complaint, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise conduct herself in accordance with the standards and policies of FedEx.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff has not suffered an adverse tangible employment action or as a result of any alleged discrimination or retaliation.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendant alleges that all conduct of its managers and supervisors, if any, was protected by the managerial privilege and/or otherwise privileged under California law (Civil Code Section 47 et seq.) and that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion and/or justified by legitimate and substantial business reasons.

EXHIBIT     F
PAGE     35

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Assuming any wages are owed to Plaintiff (they are not), Plaintiff's claims are barred in whole or in part by the doctrine of avoidable consequences because Defendant took reasonable

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

- 4 -
ANSWER TO COMPLAINT

steps to prevent and correct improper wage payments, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to him by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm that Plaintiffs allegedly suffered.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred in whole or in part because Plaintiff has already received all wages owed to him.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and can not prove facts sufficient to support allegations of oppression, fraud and/or malice, nor can he show advance knowledge, conscious disregard, authorization, and/or ratification by an officer, director or managing agent of FedEx. California Labor Code, § 3294.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's claims for punitive damages against Defendant can not be sustained because any award of exemplary or punitive damages under California law without proof of every element beyond a reasonable doubt, and any award of exemplary or punitive damages not subject to a predetermined limit, would violate Defendant's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article I, § 7 of the California Constitution, and would be improper under the common and statutory law, as well as the public policies, of the State of California, including California Civil Code § 3294 and the California Supreme Court's decision in *Foley v. Interactive Data Corp.*, 47 Cal.3d 654 (1988).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims for punitive damages are barred as a result of Defendant's good faith efforts to comply with applicable anti-harassment and discrimination laws.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

- 5 -
ANSWER TO COMPLAINT

EXHIBIT  f
PAGE  36

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's claims for punitive damages are barred because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because California's laws, rules and procedures regarding punitive damages deny due process, impose criminal penalties without the requisite protection, violate the Eighth and Fourteenth Amendments of the United States Constitution and place an unreasonable burden on interstate commerce.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims for special damages are barred because Plaintiff has failed to allege such damages with the requisite specificity.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Any and all claims asserted by Plaintiff based in whole or in part upon alleged physical, emotional, economic or other injury or distress are barred because Plaintiff's sole and exclusive remedy for such injuries, if any, is governed by the California Workers' Compensation laws ("Act"), because Plaintiff's claims occurred at a time when (a) Defendant and Plaintiff were subject to the compensation provisions of the Act, (b) Plaintiff was performing services growing out of and incidental to his employment, and (c) the injuries complained of by Plaintiff in this action allegedly were caused by his employment. California Labor Code, § 3600, et seq.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. To the extent any agent of FedEx intentionally or negligently inflicted emotional distress on Plaintiff (Defendant denies that this happened), said agent was acting outside the scope of his/her employment and without the knowledge, authority and/or consent of FedEx.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff was not the victim of any conduct so shocking in character, or so extreme in degree, that a person of normal sensibilities would consider the conduct outrageous.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. To the extent that Plaintiff has suffered the damages alleged in any of the causes of

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

- 6 -
ANSWER TO COMPLAINT

EXHIBIT F
PAGE 37

action asserted in his Complaint, Plaintiff's own negligence and/or willful misconduct directly and proximately caused or contributed to some or all of the damages claimed.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. To the extent that Plaintiff has suffered physical injuries and/or emotional distress, Plaintiff's injuries or damages, if any, were caused by factors unrelated to the conditions of his work environment and/or resulted from a preexisting physical or mental condition.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Plaintiff is not entitled to pre-judgment interest in this matter because his claims do not qualify for such interest. California Labor Code, §§ 3287 and 3288.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiff's claims for special damages are barred because Plaintiff has failed to allege such damages with the requisite specificity.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Defendant is entitled to set off any recovery Plaintiff receives or received under the California Workers' Compensation Act and/or California's State Disability Insurance Act for injuries or damages alleged in the Complaint against any damages award to him in this action, if any.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Without admitting that the contract alleged by Plaintiff actually existed, Defendant allege and aver that there was a failure of consideration on the part of Plaintiff with respect to any such contract and thus Defendant's performance there under was excused.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. Defendant aver that Plaintiff failed and/or refused to perform all conditions precedent to any alleged, but contested, oral, written or implied contract of employment.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff could not reasonably have detrimentally relied upon Defendant's policies or procedures as contractual.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. None of Defendant's manuals, handbooks, policies, or procedures are contractual, and

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340

- 7 -
ANSWER TO COMPLAINT

EXHIBIT F
PAGE 38

no contract existed between Plaintiff and Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff understood that the provisions of the Employee Handbook and Personnel Policies and Procedures Manual were not contractual, and therefore, Plaintiff is estopped from claiming that any provisions or policies included therein were contractual.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38. The Federal Express Personnel Policies and Procedures Manual and the Employee Handbook contain adequate disclaimers that no contract is formed by any of their provisions and that Plaintiff's employment was at will, and therefore Plaintiff is estopped from claiming that any provisions or policies included therein were contractual.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. Plaintiff is limited to contract damages on his breach of contract claims.

### FORTIETH AFFIRMATIVE DEFENSE

40. The liability of Defendant for the non-economic damages claimed by Plaintiff is limited by Civil Code § 1431.1 and 1431.2, et seq.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred by virtue of the doctrine of after acquired evidence because of misrepresentations contained in his employment applications and/or supporting documents and/or his conduct during the course of his employment with Defendant.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42. Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant can not fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

### PRAYER FOR RELIEF

WHEREFORE, FedEx respectfully requests that this Court enter judgment in its favor as follows:

1. That the Complaint herein, and each purported cause of action contained therein, be

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340

- 8 -
ANSWER TO COMPLAINT

EXHIBIT  F
PAGE  39

1  dismissed with prejudice, and that judgment be entered for FedEx;

2     2.    That Plaintiff take nothing;

3     3.    That FedEx be awarded its costs of suit herein; and

4     4.    That FedEx be awarded such other and further relief that the Court may deem just and

5  proper.

7  Dated: May 21, 2007.               Respectfully submitted,

10                                Stacey O. Jue
                               Attorney for Defendant
11                                FEDERAL EXPRESS CORPORATION

13 644514

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

EXHIBIT   F
PAGE   90

- 9 -
ANSWER TO COMPLAINT

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is FedEx Express, 2601 Main Street, Suite 340, Irvine, California 92614.

On May 21, 2007, I served the within document(s):

**DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with OC Corporate Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California in accordance with Federal Express Corporation's ordinary business practices.

**Paul B. Justi, Esq.**
**Law Offices of Paul B. Justi**
**18 Crow Canyon Court**
**San Ramon, CA 94583**
**Tel: 925-837-9677 / Fax: 925-837-0548**

☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 21, 2007, at Irvine, California.

_____
Valerie Dimalanta-Segal

EXHIBIT _F_
PAGE _41_