1

PAUL B. JUSTI, ESQ. State Bar No. 124727
pbjusti@earthlink.net

2

**LAW OFFICES OF PAUL B. JUSTI**
18 Crow Canyon Court, Suite 160

3

San Ramon, CA 94583

4

Telephone: (925) 837-9677
Facsimile: (925) 837-0548

5

Attorney for Plaintiff

6

ANTHONY YARBER

7

8

DAVID S. WILSON, III, ESQ. State Bar No. 174947
dswilson@fedex.com

9

STACEY O. JUE, ESQ., State Bar No. 231429
stacey.jue@fedex.com

10

**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340

11

Irvine, California 92614
Telephone: (949) 862-4638

12

Facsimile: (949) 862-4605

13

14

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

15

16

**UNITED STATES DISTRICT COURT**

17

**NORTHERN DISTRICT OF CALIFORNIA**

18

ANTHONY YARBER,                          CASE NO.: C07-02695 EMC

19

20

              Plaintiff,

21

    vs.

**JOINT CASE MANAGEMENT STATEMENT**

22

FEDERAL EXPRESS CORPORATION, a
business entity; and DOES 1-25, inclusive,

23

              Defendants.

24

25

      Defendant Federal Express Corporation (hereinafter referred to as "Defendant" or

26

"FedEx"), and Plaintiff Anthony Yarber, by and through undersigned counsel, submit the following

27

Joint Case Management Statement:

28

JOINT CASE MANAGEMENT STATEMENT                          C07-02695 EMC

1              1.      Jurisdiction and Service:

2               This Court has jurisdiction over Plaintiff's claims because the matter in controversy

3 exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different

4 states—i.e., 42 U.S.C. § 1332(a)(1) and (c)(1) and 28 U.S.C. § 1441(b). This Court has

5 supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The parties

6 agree that this Court is the proper venue for this matter and that this Court has personal jurisdiction

7 over the parties. Plaintiff served FedEx's designated agent for service of process.

8              2.      Facts:

9                  a.  Plaintiff's Position

10               Plaintiff Anthony Yarber previously worked at FedEx at San Francisco Airport and

11 voluntarily left. He was later rehired and plaintiff contends that under FedEx policies and

12 procedures, he should have returned at his prior salary, but was paid less than his prior salary,

13 contrary to FedEx's policies and procedures for returning employees. In addition, plaintiff

14 transferred from San Francisco Airport to Oakland Airport and plaintiff contends that under FedEx's

15 policies and procedures, he should have had the same wage rate at Oakland Airport as at San

16 Francisco Airport, but was paid less at Oakland Airport than he had been paid at San Francisco

17 Airport. Plaintiff further contends that he spoke with an HR representative, who confirmed that he

18 should have been paid a higher rate, but FedEx then refused to pay him the higher hourly rate to

19 which he was entitled.

20               In addition, plaintiff, age 51, contends that he repeatedly applied for promotions, but

21 was consistently passed over in favor of significantly younger, less qualified employees and that

22 when he complained and demanded an explanation, the reasons given by his supervisor were

23 pretextual, such as that his application was incomplete, even though his supervisor had confirmed

24 that it was complete before plaintiff submitted it. Plaintiff further contends that the most recent

25 denial of promotion was in retaliation for protesting prior denials of promotion and for having

26 enrolled in the then-pending race discrimination class action suit against FedEx and further contends

27 that he is being assigned menial tasks and denied opportunities to participate in meetings designed to

28 train workers in plaintiff's position for management level positions, in retaliation for complaining

JOINT CASE MANAGEMENT STATEMENT        C07-02695 EMC

1    about his treatment.

2         Plaintiff seeks damages consisting of front and back pay for the wage rate differential

3 in the positions between what he was paid and what he should have been paid, the wage rate

4 differential between his actual wages and the management-level wages for the positions for which he

5 was passed over for promotion, emotional distress damages and punitive damages, as well as costs

6 and attorneys' fees.

7                  b.  Defendant's Position

8         Defendant denies that it engages in any discriminatory or retaliatory practices

9 whatsoever.  The failure to obtain positions he was seeking was due exclusively to the superior

10 qualification and/or seniority within the company of the successful applicants.  Defendant had an

11 honest, reasonable, good faith belief in the facts on which it based its acts, omissions and conduct

12 taken with respect to Plaintiff and all acts were undertaken for legitimate, non-discriminatory and

13 non-retaliatory business reasons that were not in violation of any law or FedEx policy.  Plaintiff is an

14 at-will employee, and Defendant denies that its handbooks, manuals, policies, or procedures are

15 contractual.  Defendant further denies that when Plaintiff was rehired to work for FedEx that anyone

16 promised that he would return to work at the same rate of pay or status.  FedEx policy did not entitle

17 Plaintiff such rate of pay or status.  Defendant denies that it breached any alleged contract with

18 Plaintiff and that it failed to pay wages allegedly due to Plaintiff.  Defendant denies that Plaintiff has

19 suffered any adverse employment action as a result of discrimination or retaliation.  Defendant

20 further denies that Plaintiff was ever retaliated against in response to protected activity or anything

21 else.  Defendant denies that it intentionally or negligently inflicted emotional distress on Plaintiff.

22         The parties are still in the midst of the discovery process and reserve the right to

23 amend their factual contentions if the results of their discovery reveal a need to do so.

24         3.    Legal Issues:

25           •       Whether Defendant engaged in age discrimination in violation of

26 California Government Code § 12940.

27           •       Whether Plaintiff can meet his burden of proof under the McDonald

28 Douglas- Burdine-Hicks burden shifting analysis to prove age discrimination.

1    •    Whether Plaintiff can prove retaliation in violation of the California

2    Fair Employment and Housing Act ("FEHA").

3    •    Whether Plaintiff can prove the elements necessary to establish a claim

4    of intentional infliction of emotional distress.

5    •    Whether Plaintiff can prove the elements necessary to establish a claim

6    for breach of contract/failure to pay wages due.

7    •    Whether Defendant can meet its burden with respect to any of the

8    affirmative defenses pled in its Answer.

9    4.    Motions:

10    There are no pending motions.    Defendant anticipates bringing a Motion for

11    Summary Judgment or, in the Alternative, for Partial Summary Judgment.

12    5.    Amendment of Pleadings:

13    None anticipated at this time.    Defendant proposes a deadline for Plaintiff to amend

14    his pleadings no later than March 15, 2008 and a deadline for Defendant to amend its pleadings no

15    later than April 1, 2008.

16    6.    Evidence Preservation:

17    At the outset of this litigation, Defendant immediately instructed Plaintiff's

18    management team, as well as all of the custodians of his personnel file, to preserve any and all files

19    and information they have concerning Plaintiff, including emails and electronically stored

20    information, and to provide such files and information to defense counsel.

21    7.    Disclosures:

22    Pursuant to FRCP 26(a)(E), the parties have agreed to make their initial disclosures

23    on or before September 14, 2007.

24    8.    Discovery:

25    No discovery has been taken to date.    The scope of discovery will include:    (1)

26    whether Plaintiff can establish each element of the causes of action alleged in his Complaint against

27    Defendant; (2) whether Plaintiff has sustained any compensatory damages as a result of Defendant's

28    alleged unlawful conduct; (3) whether Defendant's alleged conduct entitles Plaintiff to an award of

4

1  punitive damages; (4) whether Defendant's alleged conduct entitles Plaintiff to back or front pay;

2  and (5) whether Defendant can sustain its burden of proof with regard to any of the affirmative

3  defenses it asserted.

4  Pursuant to FRCP 26(a)(E), the parties have agreed to make their initial disclosures

5  on or before September 14, 2007.  The parties propose that all non-expert discovery shall be

6  commenced in time to be completed by April 15, 2008.  The parties propose that the Plaintiff's

7  expert report(s) under FRCP 26(a)(2) shall be due on March 15, 2008, and any rebuttal report(s)

8  shall be due on April 15, 2008. The parties further propose that Defendant's expert report(s) under

9  FRCP 26(a)(2) shall be due on May 15, 2008, and any rebuttal report(s) shall be due on June 15,

10  2008. The parties propose that the expert discovery deadline will be June 15, 2008.  There will be no

11  other limitations or modifications to the discovery rules.

12  Defendant will provide Plaintiff with hard copies of all discoverable, stored emails

13  concerning Plaintiff, as well as hard copies of all of his discoverable PRISM screens.

14  9.    Class Actions:

15  N/A.

16  10.    Related Cases:

17  None.

18  11.    Relief:

19  Plaintiff's computation of damages will rely on expert testimony.   All relevant

20  information regarding damages will be made available in accordance with the Federal Rules of Civil

21  Procedure once such testimony is available and disclosure is required.

22  Defendant contends that any alleged back pay for which it may be held liable must be

23  reduced by Plaintiff's actual interim earnings and amounts earnable with reasonable diligence.

24  Defendant is also entitled to an offset with regard to any unemployment compensation or workers'

25  compensation benefits Plaintiff received post-termination.

26  12.    Settlement and ADR:

27  The prospects for settlement are slim at this time.  There have been no ADR efforts to

28  date. The parties agree to have this case mediated pursuant to ADR L.R. 6 on or by April 15, 2008.

1  The parties may agree to an earlier mediation date if circumstances warrant it.

2          13.    Consent to Magistrate Judge For All Purposes:

3          The parties do not consent to having a magistrate judge conduct all further

4  proceedings in this matter.

5          14.    Other References:

6          No.

7          15.    Narrowing of Issues:

8          No narrowing of issues can be accomplished at this time.

9          16.    Expedited Schedule:

10         No.

11         17.    Scheduling:

12         The parties propose that all non-expert discovery shall be commenced in time to be

13  completed by April 15, 2008. Completion means that written discovery shall be served far enough

14  in advance of April 15, 2008, that the due dates for the response under the FRCP are no later than

15  April 15, 2008. The parties propose that all non-expert discovery shall be commenced in time to be

16  completed by April 15, 2008. The parties propose that the Plaintiff's expert report(s) under FRCP

17  26(a)(2) shall be due on March 15, 2008, and any rebuttal report(s) shall be due on April 15, 2008.

18  The parties further propose that Defendant's expert report(s) under FRCP 26(a)(2) shall be due on

19  May 15, 2008, and any rebuttal report(s) shall be due on June 15, 2008. The parties propose that the

20  expert discovery deadline will be June 15, 2008. The parties propose that the deadline for hearing

21  dispositive motions will be June 1, 2008. The parties propose that the final pretrial conference will

22  be on June 15, 2008. The parties propose that the will be on July 15, 2008.

23         18.    Trial:

24         This case will be tried to a jury and is expected to last 7 to 10 days.

25         19.    Disclosure of Non-Party Interested Entities or Persons:

26         Each party will file a "Certification of Interested Entities or Persons" by the time of

27  the initial case management conference on August 29, 2007. FedEx's parent company, FedEx

28

JOINT CASE MANAGEMENT STATEMENT                C07-02695 EMC

1 | Corporation, is an interested party in this lawsuit.

2 |          **20.**    Such matters as may facilitate the just, speedy and inexpensive

3 | disposition of this matter:

4 |          None at this time.

5 |

6 |

7 | DATED: September 12, 2007.        Respectfully submitted,

8 |

9 |         By: _____

10 |          PAUL B. JUST
         Attorney for Plaintiff
         ANTHONY YARBER

11 |

12 | DATED: September 10, 2007.        Respectfully submitted,

13 |

14 |         By: _____

15 |          STACEY O. JUE
         Attorney for Defendant
         FEDERAL EXPRESS CORPORATION

16 |

17 |

18 | 658580.1

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

JOINT CASE MANAGEMENT STATMENT

1

## CERTIFICATE OF SERVICE

2      I declare that I am employed with the Legal Department of Federal Express Corporation "Fed

3   Ex" LLP, whose address is 2601 Main Street, Suite 340, Irvine, California  92614.  I am not a party to

4   the within cause, and I am over the age of eighteen years.

5      I further declare that on September 11, 2007, I served a copy of:

6                **JOINT CASE MANAGEMENT STATEMENT**

7
8
9
10
☒   **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy
    thereof enclosed in a sealed envelope with postage thereon fully
    prepaid, addressed as follows, for collection and mailing at Fed Ex,
    2601 Main Street, suite 340, Irvine, California  92614 in accordance
    with Fed Ex's ordinary business practices.

11
12
13
14
15
I am readily familiar with Fed Ex's practice for collection and
processing of correspondence for mailing with the United States Postal
Service, and know that in the ordinary course of Fed Ex's business
practice the document(s) described above will be deposited with the
United States Postal Service on the same date that it (they) is (are)
placed at Fed Ex with postage thereon fully prepaid for collection and
mailing.

16
17
18
19
**Paul B. Justi, Esq.**
**Law Offices of Paul B. Justi**
**18 Crow Canyon Court, Suite 160**
**San Ramon, CA  94583**
**Tel:  925-837-9677 / Fax:  925-837-0548**
**Attorney for Plaintiff Anthony Yarber**

20
21
   I declare under penalty of perjury that the foregoing is true and  correct.   I declare that I am
employed in the office of a member of the bar of this court at whose direction the service was made.

22      Executed at Irvine, California, this 11th day of September, 2007.

23

24

25

26
| Renee K. Aven | /s/ Renee K. Aven |
|---|---|
| (typed) | (signature) |

27

28

JOINT CASE MANAGEMENT STATEMENT                    C07-02695 EMC