DAVID S. WILSON, III, ESQ. State Bar No. 174947
dswilson@fedex.com
STACEY O. JUE, ESQ., State Bar No. 231429
stacey.jue@fedex.com
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, California 92614
Telephone:   (949) 862-4638
Facsimile:    (949) 862-4605

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY YARBER,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION, a business entity; and DOES 1-25, inclusive,<br><br>    Defendants. | CASE NO.:   C07-02695 CRB<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the stipulation of the undersigned attorneys, the discovery taken by the parties in this case shall be conducted subject to the following Protective Order:

1.    Any and all documents or things or information produced or otherwise furnished by any of the parties in informal or other discovery that the producing party believes contains trade secrets or other confidential commercial, proprietary or personal information may be designated, in good faith, "confidential" by the producing party by stamping or marking on the documents or other material the term "CONFIDENTIAL."  Those documents or other matters shall be maintained by the

1

1   other parties to this action and their counsel in confidence and used only for the
2   purposes of this litigation, and shall not be communicated or used for any other
3   purpose.  A party's use for any purpose of its own documents and information which
4   that party produces or discloses in this action shall not be considered a violation of
5   this Order.  To the extent that any such items are filed with the Clerk of Court or with
6   the Court, they shall be placed in an envelope marked "CONFIDENTIAL
7   MATERIALS SUBJECT TO PROTECTIVE ORDER" and sealed.

8       2.   Any copies, photographs, depictions, excerpts, notes concerning, or other
9   information generated from an inspection of the matters designated
10  "CONFIDENTIAL,"  and any motion papers, memoranda or other documents filed
11  with the Court that quote from, attach or include documents, testimony or other matter
12  designated "CONFIDENTIAL," shall be treated in the same manner as the underlying
13  documents, testimony or other matter.

14      3.   Documents or other information designated as "CONFIDENTIAL" may
15  be used in connection with depositions or hearings before the Court.  Deposition or
16  hearing transcripts or portions thereof which record testimony concerning confidential
17  documents or information may be marked as "CONFIDENTIAL" by any party within
18  thirty (30) days after receiving the transcript.  Deposition or hearing transcripts may
19  not be made available to anyone other than counsel or the parties during the thirty (30)
20  days provided to make confidentially designations.  The party wishing to make such
21  designations shall advise all other parties, and the portion(s) of the transcript
22  designated as "CONFIDENTIAL" shall thereafter be treated as subject to the terms of
23  this Order.

24      4.   If, at the time of trial, any counsel intends to introduce documents or
25  information designated "CONFIDENTIAL" by any party or third party other than that
26  counsel's client(s), counsel shall so inform the Court, counsel for the other parties and,
27  if appropriate, the non-party who produced the documents or information at issue, as
28  far in advance as possible.  The Court may take steps, at the request of any party or

non-party or on its own initiative, as it deems necessary, to preserve the confidentiality of the documents or information.

5. Neither the parties nor their counsel shall disclose or permit the disclosure of the documents or other information designated as "CONFIDENTIAL" to anyone other than partners, associates, legal assistants or employees of counsel to this action; the parties themselves; any expert(s) or consultants(s) retained in connection with the preparation for and hearing of this proceeding; and any other person deemed necessary by counsel for the purposes of litigation.

6. Except for the parties themselves, and their counsel (including partners, associates, legal assistants or employees of their law firm), all persons other than the producing party or its counsel to whom any information subject to this Protective Order is disclosed shall, prior to any disclosure to them, be provided a copy of this Protective Order and must execute a protective agreement in the form attached as Exhibit A to this Protective Order. Copies of each such protective agreement shall be furnished to counsel for all parties at the conclusion of trial or upon Order of the Court. The requirement of a protective agreement prior to disclosure of documents or information subject to this Protective Order shall not apply to any nonparty witness shown documents designated as "CONFIDENTIAL" for the first time in a deposition. The party wishing to show a non-party witness documents during a deposition which have been designated as "CONFIDENTIAL" shall request that the non-party witness execute a protective agreement in the form attached as Exhibit A. In the event that the non-party witness refuses to execute a protective agreement, the party seeking to enforce confidentiality may demand that the deposition be suspended for the time necessary for that party to move pursuant to Rule 26 of the Federal Rules of Civil Procedure for an order that steps be taken, if necessary, to preserve the confidentiality of the documents or information.

7. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using (a) its own documents and

information which that party produces or discloses in this action, or (b) any matter produced or disclosed in this action not subject to this Protective Order.

8.  If any party wishes to have any information, document or testimony marked "CONFIDENTIAL" by another party reclassified as non-confidential, the parties will confer and try to reach agreement. If the parties cannot reach agreement, the party seeking to re-classify may seek appropriate relief from the Court, with the party seeking to maintain the "CONFIDENTIAL" designation bearing the burden to establish its claim of confidentiality.

9.  Counsel may exclude from the room during a deposition, hearing or other proceeding any person (other than the witness who is then testifying) who is not entitled under this order to receive or review documents or information designated "CONFIDENTIAL."

10. Upon the final conclusion of this proceeding, including any appeal, or upon the settlement and or dismissal of the proceeding, all documents and things or information subject to this Protective Order shall be returned to the party which produced them, or shall be destroyed. Counsel for the parties may preserve work product and privileged documents in their permanent files even though such documents may reflect or contain confidential documents or information. The conclusion of this proceeding shall not relieve any person or party from any of the requirements imposed by this Protective Order.

11. Any non-party subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Protective Order, and may designate documents or deposition testimony as "CONFIDENTIAL" in the manner, and subject to the same protections, set forth above. However, all of Plaintiff's medical and/or mental health records subpoenaed from Plaintiff's medical and/or mental health providers, and/or the third party administrator(s) who handled Plaintiff's workers' compensation claims while Plaintiff was employed by Defendant, shall be treated by Defendant as if they were

designated as confidential regardless of whether the subpoenaed provider(s) and/or administrator(s) so designated the records. Accordingly, all such records are subject to the protections afforded by this order regardless of whether they are marked "CONFIDENTIAL."

12.   Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party or third party that any particular information is or is not "CONFIDENTIAL" matter within the contemplation of the law, or prejudice in any way the right of any party or third party to seek a Court determination of whether or not any particular materials should be disclosed or if disclosed whether or not it should be subject to the terms of this Order.

**13.   The provisions of this Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain documents or information as permitted by Rule**

///

///

///

1 **26(c) of the Federal Rules of Civil Procedure.  Nor shall any party be precluded**
2 **from moving the Court for relief from this Order if, in practice, the terms of the**
3 **Order are inhibiting the efficient conduct of this litigation**.

5  DATED:   October 16, 2007     FEDERAL EXPRESS CORPORATION

   By:  __/S/_____
   Stacey O. Jue, Esq.
   Attorney for Defendant Federal Express
   Corporation

12 DATED:   October 10, 2007     LAW OFFICES OF PAUL B. JUSTI

   By:  __/S/_____
   Paul B. Justi, Esq.
   Attorney for Plaintiff Anthony Yarber

16 IT IS SO ORDERED

18 Dated:_____

   _____
   THE HONORABLE CHARLES R. BREYER

23 698554

# EXHIBIT A
## PROTECTIVE AGREEMENT

I hereby acknowledge that I am being given access to "confidential" information that is the subject of a Protective Order in the case entitled <u>Anthony Yarber v. Federal Express Corporation</u>, Court File No. C07-02695 (CRB), pending in the United States District Court for the Northern District of California. I agree that I shall maintain "CONFIDENTIAL" documents and information in confidence and will use said documents and information for no other purpose than as provided in the Protective Order. I understand that I can be subject to sanctions for violation of this agreement. I further agree that upon the conclusion of my having any need for further access to "CONFIDENTIAL" documents and information provided to me, upon the final termination of this litigation (including appeals, if any), or upon request by the person making them available to me or Order of the Court, I shall return to the person making them available to me all such documents and information provided and all copies thereof.

_____
Printed Name

_____
Signature

Address:

_____
_____

**CERTIFICATE OF SERVICE**

I declare that I am employed with the Legal Department of Federal Express Corporation, whose address is 2601 Main Street, Suite 340, Irvine, California 92614. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on October 17, 2007, I served a copy of:

**STIPULATED PROTECTIVE ORDER**

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at FedEx, 2601 Main Street, suite 340, Irvine, California 92614 in accordance with FedEx's ordinary business practices.

I am readily familiar with FedEx's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of FedEx's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at FedEx with postage thereon fully prepaid for collection and mailing.

☐ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)(2)(a)]** by electronically mailing a true and correct copy through FedEx's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

**Paul B. Justi, Esq.**
**Law Offices of Paul B. Justi**
**18 Crow Canyon Court, Suite 160**
**San Ramon, CA 94583**
**Tel: 925-837-9677 / Fax: 925-837-0548**

**Attorney for Plaintiff Anthony Yarber**

I declare under penalty of perjury that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose

1  direction the service was made.

3  Executed at Irvine, California, this 17th day of October, 2007.

7  | Renee K. Aven | /S/ |
   |---|---|
   | (typed) | (signature) |